EVAN ROSE, Cal. Bar No. 253478
MATTHEW D. GOLD, N.Y. Bar No. 2073963
LAURA FREMONT, Cal. Bar No. 159670
ERIC EDMONDSON, D.C. Bar No. 450294
KERRY O'BRIEN, Cal. Bar No. 149264
DAVID M. NEWMAN, Cal. Bar No. 54218
LINDA K. BADGER, Cal. Bar No. 122209

Address:   Federal Trade Commission
           901 Market Street, Suite 570
           San Francisco, CA 94103

Email:     erose@ftc.gov; mgold@ftc.gov; lfremont@ftc.gov;
           eedmondson@ftc.gov; kobrien@ftc.gov;
           dnewman@ftc.gov; lbadger@ftc.gov

Tel. / Fax:   (415) 848-5100 / (415) 848-5184

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
San Francisco Division

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC, a limited liability company,<br><br>Defendant. | **Case No. 14-cv-04785-EMC**<br><br>**PLAINTIFF FTC'S SUPPLEMENTAL BRIEF IN RESPONSE TO DEFENDANT AT&T MOBILITY LLC'S SUPPLEMENTAL SUR-REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Hearing Date:  Mar. 12, 2015<br>Time:          9:30 a.m.<br>Courtroom:     5, 17th Floor |

**FTC's Supplemental Brief – 14-cv-04785-EMC**

## TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT .................................................................................................................... 1

    A. Reclassification would not extinguish the FTC's authority to seek relief for unlawful conduct occurring before its effective date ....................................... 1

    B. The federal court cases cited by AT&T do not support vitiating the FTC's authority to seek relief under Section 13(b) for conduct that violated Section 5 prior to reclassification ...................................................................................... 2

    C. The FTC cases cited by AT&T also do not support dismissal ......................... 4

    D. Dismissing the FTC's case because of reclassification would impose an impermissible retroactive effect ......................................................................... 6

III. CONCLUSION ................................................................................................................ 7

# TABLE OF AUTHORITIES

**Cases**

*Bruner v. United States*, 343 U.S. 112 (1952) ...................................................................5

*Crosse & Blackwell Co. v. FTC*, 262 F.2d 600 (4th Cir. 1959)............................................5

*Duldulao v. INS*, 90 F.3d 396 (9th Cir. 1996)........................................................................6

*Eddis v. LB&B Assocs., Inc.*, ALJ Case No. 2000-NQW-1, 2001 WL 960049
    (Dep't of Labor 2001)...................................................................................................3–4

*FTC v. Commerce Planet, Inc.*, 878 F. Supp. 2d 1048 (C.D. Cal. 2012) ........................2

*Hallowell v. Commons,* 239 U.S. 506 (1916) ......................................................................5

*Hughes Aircraft Co. v. United States ex rel. Schumer*, 520 U.S. 939 (1997) ....................3

*In re Am. Electric Power Co.*, SEC Rel. No. 28084, 2006 WL 305806
    (S.E.C. Feb. 9, 2006)........................................................................................................6

*In re Giant Food Shopping Ctr., Inc.*, 55 F.T.C. 2058 (1959)...............................................5

*In re Leonard F. Porter, Inc.*, 88 F.T.C. 546 (1976) ........................................................4–5

*In re Renaire Corp.*, 55 F.T.C. 1169 (1959) ..........................................................................5

*In re Swift*, 18 Agric. Dec. 464 (U.S.D.A. 1959)..................................................................6

*Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994)..........................................................3, 7

*Louisiana Pub. Serv. Comm'n v. FCC*, 476 U.S. 355 (1986)..........................................2–3

*Matthews v. Kidder, Peabody & Co.*, 161 F.3d 156 (3d Cir. 1998) ...................................3

*Pentheny, Ltd. v. V.I.*, 360 F.2d 786 (3d Cir. 1966)..........................................................3, 4

*Phillips v. New Century Fin. Corp.*, 2006 WL 517653 (C.D. Cal. Mar. 1, 2006).........................6

*Santos v. Guam*, 436 F.3d 1051 (9th Cir. 2006) ..................................................................6

*Scott v. Boos*, 215 F.3d 940 (9th Cir. 2000)..........................................................................7

*SEC v. Fehn*, 97 F.3d 1276 (9th Cir. 1996) ..........................................................................7

*United States v. W.T. Grant Co.*, 345 U.S. 629 (1953).......................................................2

**Statutes, Regulations & Rules**

15 U.S.C. § 45(a)(2).................................................................................................................1

## I. INTRODUCTION

AT&T wrongly argues in its sur-reply that the FTC loses all authority to continue its lawsuit the moment that reclassification goes into effect. In fact, the FTC remains "empowered" to seek the Court's full panoply of equitable relief for AT&T's pre-reclassification conduct under Sections 5 and 13(b) of the FTC Act. AT&T relies on a stilted reading of Section 5 and inapposite and incomplete citations to authority. Moreover, "retroactive effect" case law makes clear that, absent express authorization, a legal change should not be permitted to extinguish substantive rights—such as the FTC's right in the instant matter to seek equitable relief for the millions of consumers injured by AT&T's pre-reclassification conduct. Accordingly, AT&T's sur-reply provides no support for dismissing the FTC's Complaint.

## II. ARGUMENT

### A. Reclassification would not extinguish the FTC's authority to seek relief for unlawful conduct occurring before its effective date.

Section 5 is not, as AT&T claims, tantamount to a light switch that extinguishes the FTC's authority to pursue AT&T's unfair and deceptive conduct regardless of when that conduct occurred. (*See* Dkt. #46 at 3–5) The only change wrought by reclassification is to the conduct subject to the FTC's authority. When reclassification goes into effect, the FTC's authority will not reach AT&T's throttling conduct that occurs after the effective date because such conduct will then be "subject to" the Communications Act as common carriage. *See* 15 U.S.C. § 45(a)(2). The FTC will thus not be "empowered" to seek relief for that prospective conduct. *Id*. But AT&T's unlawful conduct in the provision of mobile data from 2011 until reclassification becomes effective was never, and still remains, conduct not "subject to" the Communications Act as common carriage. *Id.* The FTC is thus "empowered" to seek relief for that unlawful conduct pursuant to Section 5, and the Court has full authority to grant that relief pursuant to Section 13(b).

If AT&T's reasoning were adopted, companies could engage in all manner of unlawful conduct under Section 5 and then immunize themselves from FTC scrutiny. Suppose a company reaped millions of dollars with an inadequately disclosed continuity program, ostensibly for

services related to selling goods on eBay. *See, e.g.*, *FTC v. Commerce Planet, Inc.*, 878 F. Supp. 2d 1048 (C.D. Cal. 2012). Then, upon learning of a potential FTC enforcement action, the company ceased its practices and instead used its technical expertise and infrastructure to become a small ISP. At that moment, according to AT&T's reasoning, the FTC would be unable to continue its suit. This result is untenable. Section 5 does not allow businesses to secure immunity from FTC liability for past conduct simply by shifting their business practices. To find otherwise would lead to illogical and absurd results that would undermine the broad consumer protection purpose of the FTC Act. (*See* Dkt. #45 at 15–17)

Finally, the FTC did not, as AT&T claims, "concede that it cannot pursue injunctive relief that would govern present or future conduct." (*See* Dkt. #46 at 4) Under Section 13(b), in a "proper case" such as this alleging a violation of Section 5, the Court may use its equitable authority to grant both injunctive and monetary relief based on AT&T's past practices.[1] Such relief will be subject to the usual limits, such as the Court's broad discretion in equity to craft appropriate relief and the requirement, for forward-looking conduct relief, that there be a cognizable likelihood of recurrence. *See, e.g.*, *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953). But there is no need to litigate now the specific relief that should be ordered after the FTC proves its case. The fact that this is a proper case under Section 13(b) for the FTC to invoke the full spectrum of the Court's equitable powers to address AT&T's pre-reclassification conduct is sufficient to defeat AT&T's motion to dismiss.

### B. The federal court cases cited by AT&T do not support vitiating the FTC's authority to seek relief under Section 13(b) for conduct that violated Section 5 prior to reclassification.

AT&T relies on inapplicable citations and truncated quotations to argue that the FTC loses authority to bring this case due to reclassification. (*See* Dkt. #46 at 1–5) First, AT&T claims that *Louisiana Public Service Commission v. FCC*, 476 U.S. 355 (1986), stands for the proposition that "once its jurisdiction is removed, the agency 'literally has no power to act.'"

---

[1] The reference to a "permanent injunction" in Section 13(b) has long been understood to authorize the full range of a court's equitable powers. (Dkt. #45 at 6–7)

**Sur-reply in Opp. to Motion to Dismiss – 14-cv-04785-EMC** **Page 2**

(Dkt. #46 at 1) That case, however, does not involve a regulation or statute that removed pre-existing jurisdiction. In *Louisiana PSC*, the FCC had attempted to require state commissions to follow FCC depreciation rates for intrastate rulemakings even though the Communications Act denied the FCC such authority. 476 U.S. at 374–75. The language excerpted by AT&T reads in full: "First, an agency literally has no power to act, let alone pre-empt the validly enacted legislation of a sovereign State, unless and until Congress confers power upon it." *Id.* The FCC *never had* the authority it sought to exercise. Here, as explained above, we have always had authority to seek relief for AT&T's unlawful conduct committed before reclassification, and reclassification has not changed that.

AT&T next turns to the "retroactive effect" line of cases. (Dkt. #46 at 3) It cites *Landgraf v. USI Film Products*, 511 U.S. 244 (1994), for the proposition that changes to jurisdiction take immediate effect. *Landgraf* was actually referring to the jurisdiction of a tribunal, not the authority of a government agency as a litigating party. *Id.* at 274. Nevertheless, the Supreme Court clarified in *Hughes Aircraft Co. v. United States ex rel. Schumer*, 520 U.S. 939 (1997), that even jurisdictional changes must be analyzed for a potential retroactive effect. *Id.* at 950–51. AT&T attempts to minimize *Hughes* not on its underlying principle but on the facts—the case concerned the creation of a cause of action, not the elimination of one. There are, however, cases in which the *Hughes* principle has been applied to the elimination of a cause of action. For example, in *Matthews v. Kidder, Peabody & Co.*, 161 F.3d 156 (3d Cir. 1998), the court refused to apply a RICO amendment eliminating a private right of action to the plaintiffs' claim retroactively because to do so "would have the legal effect of depriving plaintiffs of a claim." *Id.* at 166. Similarly, in the instant matter, relying on reclassification to extinguish the FTC's claim to redress the millions of consumers injured by AT&T's unlawful practices would destroy a substantive claim, and therefore result in an impermissible retroactive effect.

AT&T cites also cites *Eddis v. LB&B Assocs., Inc.*, ALJ Case No. 2000-NQW-1, 2001 WL 960049 (Dep't of Labor 2001), and *Pentheny, Ltd. v. Virgin Islands*, 360 F.2d 786 (3d Cir. 1966), but omits crucial details about both. In *Eddis*, a decision and order issued by the Department of Labor's Administrative Review Board, the Board found that the change in law (an

**Sur-reply in Opp. to Motion to Dismiss – 14-cv-04785-EMC**     **Page 3**

executive order) should be applied retroactively—even though it eliminated the complainants' claims—because the executive order contained language that, by "necessary implication," applied to all pending claims. 2001 WL 960049, at *3. As noted in the FTC's previous brief, the FCC has already stated that its reclassification order will apply solely prospectively, and indeed it is inconceivable that the order would do otherwise. (Dkt. #45 at 1, 3–4) *Eddis* is therefore inapplicable to this matter.

In *Pentheny*, a change in tax laws disqualified the plaintiff from a tax exemption he had applied for. 360 F.2d at 788–89. The language excerpted by AT&T actually reads, in pertinent part, as follows: An administrative agency's "jurisdiction, although once obtained, may be lost by the repeal of the statute which granted it, and in such a case proceedings cannot validly be continued beyond the point at which jurisdiction ceases *unless . . . vested rights have been acquired under the former law*." *Id.* at 790 (emphasis added) (citations omitted). The court found that the plaintiff's right to the tax exemption had not vested because the plaintiff had merely applied for the benefit. *Id.* at 792. In the instant matter, the harm caused by AT&T has already been suffered by the injured consumers; it is not contingent on some future event.

### C. The FTC cases cited by AT&T also do not support dismissal.

The FTC cases cited by AT&T purportedly concerning the FTC's "contemporaneous statutory authority" are also inapplicable to the instant matter. (*See* Dkt. #46 at 5–7) As an initial matter, AT&T erroneously attributes the administrative law judge's opinion in *In re Leonard F. Porter, Inc.*, 88 F.T.C. 546 (1976), to the Commission.[2] The Commission's opinion makes no mention of lacking jurisdiction over any of the respondents. The FTC instead found that an order was "unnecessary" based on the "unusual combination" of three factors: "(1) the relatively minor character of the challenged practices; (2) the fact that representatives of the Commission initially informed respondents that these practices did not violate the law; and (3) respondents' prompt abandonment of the practices upon being subsequently advised contrarily

---

[2] As noted in our prior brief, the ALJ relied on a change in company practices—not a change in the lawfulness of those practices—to dismiss the agency's request for relief. (Dkt. #45 at 8) One of the respondents had ceased selling goods out of state and claimed it was thus shielded from the Commission's jurisdiction over interstate commerce. 88 F.T.C. at 609.

**Sur-reply in Opp. to Motion to Dismiss – 14-cv-04785-EMC** **Page 4**

and correctly by succeeding Commission representatives that the practices were deceptive." *Id.* at 629. The Commission specifically noted that "[o]rdinarily the law looks with disfavor upon the claim of abandonment as a defense to a charge of Section 5 violations," and that it would "view with extreme disfavor the citation of this case as precedent in situations in which all of the three factors cited above are not present." *Id.* The case thus provides no support for the proposition that a prospective change in practices—or, more to the point here, in the legality of practices—can deprive the FTC of jurisdiction over past conduct.[3]

Next, AT&T misapplies *In re Giant Food Shopping Center, Inc.*, 55 F.T.C. 2058 (1959), which it cites for the proposition that the FTC "has given immediate effect to expansions of its authority in pending proceedings." (*See* Dkt. #46 at 5) In fact, as we noted in our sur-reply (Dkt. #45 at 5 n.4), the Commission reasoned that the change in law "merely provides additional machinery for enforcing preexisting statutory responsibilities [and] does not affect substantive rights." *In re Renaire Corp.*, 55 F.T.C. 1169, 1193 (1959) (specifically relied on by *Giant Food*). It was on that basis that the FTC determined that the change in law should be applied retroactively.[4] Here, by contrast, giving retroactive effect to reclassification would indisputably affect the substantive rights of the FTC to seek relief for over three million injured consumers.

AT&T also cites several other cases involving jurisdictional changes that do not affect substantive rights and thus are inapposite. *Hallowell v. Commons*, 239 U.S. 506, 507 (1916) ("The rule that the repeal of a statute does not extinguish liability incurred thereunder held, not applicable to the statute in this case which simply changes the tribunal to hear the case and takes away no substantive rights."); *Bruner v. United States*, 343 U.S. 112, 117 (1952) ("Congress has not altered the nature or validity of petitioner's rights or the Government liability but has simply reduced the number of tribunals authorized to hear and determine such rights and liabilities.");

---

[3] Along the same lines, we noted in our prior brief that the FTC is empowered to seek, and courts have the authority to order, monetary relief for past violations of Section 5 even where injunctive relief is not warranted. (Dkt. #45 at 7 n.6)

[4] In so ruling, the FTC in *Giant Food* relied on *Crosse & Blackwell Co. v. FTC*, 262 F.2d 600 (4th Cir. 1959), which held that the 1958 amendment to the Packers & Stockyards Act only *clarified* the obvious, original intent of Congress, and went on to explain the "absurd results" that would follow from a contrary interpretation. *Giant Food*, 55 F.T.C. at 2061.

**Sur-reply in Opp. to Motion to Dismiss – 14-cv-04785-EMC**            **Page 5**

*Santos v. Guam*, 436 F.3d 1051, 1056 (9th Cir. 2006) ("[A] change in the number of tribunals authorized to hear a litigant's arguments does not implicate the litigant's substantive rights."); *Duldulao v. INS*, 90 F.3d 396, 399 (9th Cir. 1996) (new law "affects the power of the court rather than the rights and obligations of the parties"). With respect to *In re Swift*, 18 Agric. Dec. 464 (U.S.D.A. 1959), even AT&T notes that the jurisdictional change was simply a "jurisdictional realignment."[5] (*See* Dkt. #46 at 6)

Finally, in *In re American Electric Power Co.*, SEC Rel. No. 28084, 2006 WL 305806 (S.E.C. Feb. 9, 2006), a law stripped the SEC—acting as a tribunal—of its authority to issue the only relief available to the complaining party. *Id.* at *2. Reclassification, however, does not strip this Court—the tribunal in the instant matter—of any of its authority, including its authority to grant equitable relief under Section 13(b). It merely limits the conduct that the FTC is empowered to pursue as unlawful under Section 5 to that which occurred before reclassification.

### D. Dismissing the FTC's case because of reclassification would impose an impermissible retroactive effect.

Courts have regularly found that, absent express authorization, a change in law should not be used to extinguish a plaintiff's claim. To do so would result in an impermissible "retroactive effect." For example, in *Phillips v. New Century Financial Corp.*, 2006 WL 517653 (C.D. Cal. Mar. 1, 2006), the plaintiff brought suit under a private right of action based on events that occurred before the Fair and Accurate Credit Transactions Act of 2003 ("FACTA") eliminated the private right of action. *Id.* at *1–2. The court declined to apply FACTA retroactively and denied the motion to dismiss because "[t]he practical effect of the change is that an entire class of plaintiffs is eliminated, and defendants now face a significantly lesser chance of being held liable." *Id.* at *6. Here, the "practical effect" of dismissing the FTC's Complaint is that the FTC will be "eliminated" as a plaintiff, and AT&T will thus "face a significantly lesser chance of being held liable" for compensating injured consumers. *See id.*

The Ninth Circuit used similar reasoning to avoid an impermissible retroactive effect in

---

[5] The relief sought by the FTC is different in kind and extent than that sought by the FCC. (Dkt. #45 at 5 n.5) Eliminating our claim does not amount to a mere realignment.

**Sur-reply in Opp. to Motion to Dismiss – 14-cv-04785-EMC** **Page 6**

*Scott v. Boos*, 215 F.3d 940 (9th Cir. 2000). The Private Securities Litigation Reform Act of 1995 ("PSLRA") amended the RICO statute to eliminate as a basis for civil claims any conduct actionable as fraud in the purchase or sale of securities. *Id.* at 941. After the PSLRA's effective date, Scott brought a civil RICO claim based on fraud in connection with the sale of securities prior to that date. *Id.* The district court granted defendant's motion to dismiss, but the Ninth Circuit reversed, applying *Landgraf*. It held that applying the PSLRA retroactively "would attach new legal consequences to events completed before its enactment." *Id.* at 946. Here, again, eliminating the FTC's case to redress millions of consumers "would attach new legal consequences to events completed before" reclassification. *See id.* at 946.

Last, in *SEC v. Fehn*, 97 F.3d 1276 (9th Cir. 1996), the Ninth Circuit declined to vacate the SEC's injunction against Fehn after a Supreme Court decision "arguably precluded" the SEC's authority. *Id.* at 1284. Instead, the Court retroactively applied a subsequent statutory amendment reinstating the SEC's authority. It did so only after a "fact intensive inquiry" as to "whether the new provision attaches new legal consequences to events completed before its enactment." *Id.* at 1285–86. The Court decided that, *inter alia*, the amendment was not explicit as to its temporal reach and did not "attach new legal consequences" to past events. *Id.* at 1286–87. In contrast, the FCC has explicitly stated that reclassification applies only to future conduct, and dismissal here would have substantial "new legal consequences." *See id.* at 1286.

## III. CONCLUSION

The FTC is authorized under Sections 5 and 13(b) to seek relief for the millions of consumers injured by AT&T's unfair and deceptive throttling program before reclassification takes effect. Indeed, dismissing this matter due to reclassification would impose an impermissible retroactive effect on the substantive rights that the FTC seeks to vindicate.

Dated: Mar. 10, 2015          Respectfully submitted,

                                         /s/ Evan Rose
                                   EVAN ROSE *et al.*

                                   Attorneys for Plaintiff
                                   FEDERAL TRADE COMMISSION