1  KELLOGG, HUBER, HANSEN, TODD,
   EVANS & FIGEL, P.L.L.C.
2  Michael K. Kellogg (*pro hac vice*)
   Mark C. Hansen (*pro hac vice*)
3  Email: mkellogg@khhte.com
           mhansen@khhte.com
4  1615 M Street, N.W., Suite 400
   Washington, D.C. 20036
5  Telephone:    (202) 326-7900
   Facsimile:    (202) 326-7999
6
   SIDLEY AUSTIN LLP
7  David L. Anderson (CA Bar No. 149604)
   Email: dlanderson@sidley.com
8  555 California Street, Suite 2000
   San Francisco, California 94104
9  Telephone:    (415) 772-1200
   Facsimile:    (415) 772-7400
10
   Attorneys for Defendant
11 AT&T MOBILITY LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 14-CV-04785-EMC |
| Plaintiff, | **AT&T MOBILITY LLC'S MOTION TO CERTIFY THE COURT'S ORDER DENYING AT&T'S MOTION TO DISMISS (DKT. # 54) FOR IMMEDIATE APPEAL UNDER 28 U.S.C. § 1292(b)** |
| v. | |
| AT&T MOBILITY LLC, a limited liability company, | |
| Defendant. | Hearing Date: May 14, 2015<br>Time:  1:30 p.m.<br>Judge: Hon. Edward M. Chen |

**NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: Please take notice that AT&T Mobility LLC ("AT&T") hereby files this motion to certify the Court's earlier order denying AT&T's Motion To Dismiss (Dkt. # 54) for immediate appeal under 28 U.S.C. § 1292(b).

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF THE ISSUE

Whether the Court's order denying AT&T's Motion To Dismiss "involves a controlling question of law as to which there is substantial ground for difference of opinion" and whether "immediate appeal from the order may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b).

### INTRODUCTION

This Court's March 31, 2015 Order (the "Order") holding that Section 5 of the Federal Trade Commission Act ("FTC Act") "can be applied to an entity that has the status of a common carrier so long as what is being regulated is the entity's non-common carriage services," Order at 19, is a textbook candidate for immediate appeal under 28 U.S.C. § 1292(b). The scope of Section 5 is a pure question of law that controls whether the FTC has authority to bring its case. The Order, moreover, acknowledged the conflicting opinions of the various courts to consider the question, expressly rejected the contrary conclusion of a federal court of appeals, and decided a question of first impression in the Ninth Circuit.

As the Court is aware, AT&T claims not only that the FTC has no authority to bring this suit but also that AT&T has not acted in any way that could be considered unfair or deceptive under the FTC Act. This case will therefore be vigorously contested at every stage, resulting in significant cost to the parties and a corresponding burden on the resources of this Court. Certifying an immediate appeal of the threshold issue of the FTC's authority would allow that question to be adjudicated to conclusion and, if it is determined that the FTC lacks authority, will enable the Court and the parties to avoid unnecessarily expending substantial resources litigating the merits in discovery and trial.

The Court's conclusion that the Federal Communications Commission's recent decision to reclassify mobile data as "a common carriage service" "will not deprive the FTC of any jurisdiction over *past* alleged misconduct" under Section 5, Order at 19, 23, is also worthy of immediate appeal. This part of the Order confronted a pure and controlling question of law on which there is substantial ground for difference of opinion and which "the court of appeals could decide quickly and cleanly without having to study the record." *Ahrenholz v. Board of Trs. of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000) (Posner, C.J.).

AT&T has consulted with counsel for the FTC regarding this motion and is authorized to state that the FTC plans to oppose it.

## I. The Order Decided a Controlling Question of Law

"The Ninth Circuit has explained that 'all that must be shown in order for a question [of law] to be "controlling" is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court.'" *Astiana v. Dreyer's Grand Ice Cream, Inc.*, No. C-11-2910, 2012 WL 4892391, at *1 (N.D. Cal. Oct. 12, 2012) (Chen, J.) (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)) (alteration in *Astiana*). Here, a reversal by the Ninth Circuit would have the maximum possible material effect on the litigation's outcome: it would conclusively end the case.

A question of law[1] is controlling where, as here, "reversal of the district court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990); *see also*, *e.g.*, *Wilton Miwok Rancheria v. Salazar*, No. C-07-02681, 2010 WL 693420, at *11-12 (N.D. Cal. Feb. 23, 2010) (finding the district court's statutory interpretation to be a "controlling question of law" because "dismissal is required" if the district court were reversed). *See generally* 16 Charles Alan Wright et al., *Federal Practice and Procedure* § 3930 (3d ed. 2014) [hereinafter Wright &

---

[1] There can be no question but that the statutory interpretation question at issue here is a pure question of law. *Cf. Helman v. Alcoa Global Fasteners, Inc.*, No. CV-09-1353, 2009 WL 2058541, at *5 (C.D. Cal. June 16, 2009) ("Furthermore, because this is a 'pure legal question' involving no factual issues, an interlocutory appeal is especially appropriate.").

Miller] ("There is no doubt that a question is 'controlling' if its incorrect disposition would require reversal of a final judgment, either for further proceedings *or for a dismissal that might have been ordered without the ensuing district-court proceedings*.") (emphasis added).

## II. As This Court Acknowledged, the Order Decided an Issue on Which There Is a Substantial Ground for Difference of Opinion

This Court acknowledged that the question of the proper interpretation of Section 5 of the FTC Act has produced different opinions among federal judges, both in the district courts and in the courts of appeals. Indeed, the Order expressly stated that it would not follow the Seventh Circuit's resolution of "the exact issue" before the Court. Order at 15 & n.7 (citing *FTC v. Miller*, 549 F.2d 452 (7th Cir. 1977)). This Court found "more persuasive the reasoning of the district court in *Federal Trade Commission v. Verity International*, 194 F. Supp. 2d 270 (S.D.N.Y. 2002), and the Second Circuit's observation on appeal." Order at 16; *see also id.* at 17. In the Ninth Circuit, "[a] substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). That standard is more than satisfied here, as reasonable jurists *already* disagree.

This case thus presents precisely the type of situation in which courts regularly find a substantial ground for a difference of opinion under § 1292(b). *See*, *e.g.*, *Ritz Camera & Image, LLC v. Sandisk Corp*, No. 5:10-cv-02787, 2011 WL 3957257, at *2 (N.D. Cal. Sept. 7, 2011) (holding that substantial grounds for difference of opinion exist where there is "'a dearth of precedent within the controlling jurisdiction and conflicting decisions in other circuits'") (quoting *APCC Servs., Inc. v. AT&T Corp.*, 297 F. Supp. 2d 101, 107 (D.D.C. 2003)); *Wilton Miwok Rancheria*, 2010 WL 693420, at *12 (same); *cf. Stuart v. Radioshack Corp.*, No. C-07-4499, 2009 WL 1817007, at *3 (N.D. Cal. June 25, 2009) ("In many cases, courts have found a substantial ground for a difference of opinion based on conflicting case law.") (Chen, Mag. J.).

In the absence of controlling Ninth Circuit precedent, and in the presence of conflicting authority elsewhere, the Court elected to follow the Southern District of New York and dicta from

the Second Circuit, expressly rejected the Seventh Circuit's conclusion,[2] and became the first court anywhere to allow the FTC to enforce Section 5 in federal court against an entity that actually has "the status of a common carrier." Order at 19.[3] The Ninth Circuit should have the opportunity to review this grant of authority *before* AT&T is forced to endure the obligations and expense of discovery and trial.

### III. Allowing an Immediate Appeal of a Purely Legal Threshold Issue May Materially Advance the Ultimate Termination of the Litigation

If the Ninth Circuit rules that the common-carrier exemption requires dismissal of this case *after* discovery and trial, "the district court and the parties will have unnecessarily wasted significant time and resources." *Hawaii ex rel. Louie v. JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1068 (D. Haw. 2013); *see Reese*, 643 F.3d at 688 n.5 (noting that the purpose of § 1292(b) is to avoid "unnecessary, protracted litigation and a considerable waste of judicial resources"). In light of this risk, immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

As noted, AT&T firmly believes that its MBR program is both lawful and appropriate, and it will vigorously defend that position at all stages in this litigation. The potential expense is therefore significant. AT&T's records, operations, and employees are spread throughout the country, meaning that document review, depositions, interviews, meetings, and court dates will all require

---

[2] The Court also acknowledged (at 15 n.7) that, although several other cases "do not, as *Miller* did, address the exact issue of whether the term 'common carrier' should be understood to include *both* a status and activities component," the language in those cases indicates that the courts understood the relevant exemptions in Section 5 to be solely status-based. *See*, *e.g.*, *National Fed'n of Blind v. FTC*, 303 F. Supp. 2d 707, 714-15 (D. Md. 2004) ("Courts have held that an entity's exemption from FTC jurisdiction is based on that entity's *status*, *not its activity*.") (emphasis added after the comma), *aff'd*, 420 F.3d 331 (4th Cir. 2005); *FTC v. CompuCredit Corp.*, No. 1:08-cv-1976, 2008 WL 8762850, at *4 (N.D. Ga. Oct. 8, 2008) ("Consideration of an entity's status *rather than its activities* in determining whether it falls within the exemption is consistent with the plain language of § 45(a)(2).") (emphasis added). At a minimum, these cases confirm that the scope and proper interpretation of Section 5 is a question on which reasonable jurists disagree.

[3] *Verity* is no exception. Although the district court embraced the activities-based interpretation of Section 5, the Second Circuit on review made clear that the defendant there *lacked* "the status of a common carrier." *FTC v. Verity Int'l, Ltd.*, 443 F.3d 48, 60 (2d Cir. 2006). The court of appeals then questioned the status-based interpretation in dicta. *See id.* at 59 n.4. This Court's Order cites that latter "observation" with approval (at 16-17).

extensive and costly coordination.  Questions in this case may call for expert analysis or testimony, which will have to be developed before trial at substantial cost to both parties.  The several complex issues in the case will necessitate a lengthy – and expensive – trial.  These and other expenses, as well as the corresponding burden on the FTC's and the Court's resources, would be avoided if the Ninth Circuit were to decide on immediate appeal that the FTC lacks jurisdiction to prosecute this action.

Because an immediate appeal may fully *end* the litigation, this case falls squarely within the set of "'exceptional situations'" to which § 1292(b) was meant to apply.  *Sonoda v. Amerisave Mortg. Corp.*, No. C-11-1803, 2011 WL 3957436, at *1 (N.D. Cal. Sept. 7, 2011) (Chen, J.) (quoting *Cement Antitrust Litig.*, 673 F.2d at 1026).  "Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit." *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959).  That expediting purpose is particularly implicated where, as here, the appeal would present a "pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 677 (Posner, C.J.).

For these reasons, courts regularly certify threshold legal questions that determine whether a lawsuit may proceed.  *See Wellons, Inc. v. Sia Energoremonts Riga, Ltd.*, No. 3:13-cv-05654, 2013 WL 5913266, at *2 (W.D. Wash. Nov. 4, 2013) (certifying determination of "threshold issues of personal jurisdiction and *forum non conveniens*, and comity, reversal of which may terminate the litigation in this forum and prevent litigation expenditures that might be wasted if there is a reversal on jurisdiction after trial"); *Asis Internet Servs. v. Active Response Grp.*, No. C07-6211, 2008 WL 4279695, at *3 (N.D. Cal. Sept. 16, 2008) (certifying for immediate appeal an order finding standing to sue because reversal "would result in dismissal of the CAN-SPAM causes of action").

In sum, the Court's Order presents the quintessential candidate for immediate review under § 1292(b): "a highly debatable question that is easily separated from the rest of the case, that offers

AT&T MOBILITY LLC'S MOTION TO CERTIFY THE COURT'S ORDER     CASE NO. 14-CV-04785-EMC
DENYING AT&T'S MOTION TO DISMISS FOR IMMEDIATE APPEAL                                PAGE 5

1  an opportunity to terminate the litigation completely, and that may spare the parties the burden of a
2  trial that is expensive for them even if not for the judicial system." Wright & Miller § 3930.

## CONCLUSION

The Court should certify the Order for immediate appeal under 28 U.S.C. § 1292(b).

Dated: April 9, 2015                                Respectfully submitted,

                                         KELLOGG, HUBER, HANSEN, TODD,
                                            EVANS & FIGEL, P.L.L.C.

                                       By:    /s/ *Michael K. Kellogg*
                                                    Michael K. Kellogg

                                         Attorney for Defendant
                                         AT&T Mobility LLC