United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>    v.<br><br>AT&T MOBILITY LLC,<br><br>        Defendant.<br>_____/ | No. C-14-4785 EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO CERTIFY**<br><br>**(Docket No. 57)** |

Plaintiff the Federal Trade Commission ("FTC") has filed suit against Defendant AT&T Mobility LLC, asserting that AT&T has engaged in acts or practices "in connection with the marketing of wireless broadband internet access service for smartphones," Compl. at 1-2, that violate 15 U.S.C. § 45(a). AT&T moved to dismiss the action, arguing that (1) the common carrier exception in § 45(a) applied to AT&T and that (2) the Federal Communications Commission's recent "Reclassification Order" stripped the FTC of jurisdiction to pursue this case, even if limited to the past misconduct of AT&T. This Court denied AT&T's motion to dismiss, ruling in the FTC's favor on both issues. AT&T now moves the Court to certify its order denying dismissal for immediate appeal. *See* 28 U.S.C. § 1292(b).

Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action

> may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

*Id.*

"[T]he party pursuing the interlocutory appeal bears the burden of . . . demonstrating" that the district court order at issue involves a controlling question of law; that there is substantial ground for difference of opinion on that legal question; and that an immediate appeal on that legal question may materially advance the ultimate termination of the litigation. *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). All three requirements must be met for there to be certification under § 1292(b). *See id.*

In the case at bar, there is no real dispute that the two issues identified by AT&T are controlling questions of law and that an immediate appeal may materially advance the ultimate termination of the litigation. As to whether there is a substantial ground for difference of opinion on the legal issues, the Court also finds that this factor weighs in favor of AT&T. As to the first legal issue, there is, in effect, a dispute between other circuit courts on the question[1] and the Ninth Circuit has not addressed the issue, which is sufficient to establish a substantial ground for difference of opinion. Furthermore, the scope of the common carrier exception raises novel and difficult questions of first impression. *See id.* (stating that "[c]ourts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented'"). As for the second legal issue, it also raises novel and difficult questions. Moreover, it is intimately related to the first legal issue and, therefore, if only as a practical matter, it makes no sense to carve it out of the Court's certification order.

---

[1] *Compare Federal Trade Commission v. Miller*, 549 F.2d 452 (7th Cir. 1977), *with FTC v. Verity Int'l, Ltd.*, 443 F.3d 48 (2d Cir. 2006); *see also Federal Trade Commission v. Verity International*, 194 F. Supp. 2d 270 (S.D.N.Y. 2002) (lower court opinion which was appealed to the Second Circuit).

Accordingly, the Court hereby **GRANTS** AT&T's motion to certify the order of March 31, 2015, *see* Docket No. 54, for immediate appeal. For the reasons stated at the hearing, however, the Court shall not stay the proceedings before it.

This order disposes of Docket No. 57.

IT IS SO ORDERED.

Dated: May 15, 2015

_____
EDWARD M. CHEN
United States District Judge