EVAN ROSE, Cal. Bar No. 253478
MATTHEW D. GOLD, N.Y. Bar No. 2073963
LAURA FREMONT, Cal. Bar No. 159670
KERRY O'BRIEN, Cal. Bar No. 149264
LIN W. KAHN, Cal. Bar No. 261387
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
Email: erose@ftc.gov; mgold@ftc.gov;
lfremont@ftc.gov; kobrien@ftc.gov;
lkahn@ftc.gov
Telephone: (415) 848-5100
Facsimile: (415) 848-5184

MARICELA SEGURA, Cal. Bar No. 225999
Federal Trade Commission
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
Email: msegura@ftc.gov
Telephone: (310) 824-4343
Facsimile: (310) 824-4380

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

KELLOGG, HANSEN, TODD, FIGEL
& FREDERICK, P.L.L.C.
Michael K. Kellogg (*pro hac vice*)
Mark C. Hansen (*pro hac vice*)
Email: mkellogg@kellogghansen.com
mhansen@kellogghansen.com

1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

SIDLEY AUSTIN LLP
David L. Anderson (CA Bar No. 149604
Email: dlanderson@sidley.com

555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Attorneys for Defendant
AT&T MOBILITY LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> AT&T MOBILITY LLC, a limited liability company, <br><br> Defendant. | **Case No. 14-cv-04785-EMC** <br><br> **FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> Case Management Conference <br><br> Date: May 10, 2018 <br> Time: 10:30 a.m. <br> Courtroom: 5, 17th Floor |

The parties to the above-captioned action jointly submit this Further Joint Case Management Conference Statement ("Statement") pursuant to Civ. L.R. 16-9, the Standing Order for All Judges of the Northern District of California, effective January 17, 2017, and the Clerk's Notice of April 18, 2018 (Dkt. #139). This document contains only new developments since the prior Joint CMC Statement filed July 14, 2016 (Dkt. #107).

**3/4.    Legal Issues/Motions:** On March 31, 2015, this Court issued an order denying AT&T's motion to dismiss the case under 15 U.S.C. § 45. *See* Dkt. #54. On August 29, 2016, a panel of the Ninth Circuit issued an order reversing this Court's decision and ordering the case dismissed. *See FTC v. AT&T Mobility* ("*AT&T II*"), No. 15-16585, Dkt. #32-1. On May 9, 2017, the Court of Appeals ordered the case be reheard *en banc*. *See AT&T II*, Dkt. #73. On February 26, 2018, the *en banc* Court, disagreeing with the panel decision, affirmed this Court's denial of AT&T's motion to dismiss. *FTC v. AT&T Mobility LLC*, 883 F.3d 848 (9th Cir. 2018). On April 25, 2018, the *en banc* Court's mandate was filed on this Court's docket. *See* Dkt. #140–41.

AT&T intends to file a petition for certiorari in the Supreme Court. The deadline for filing a petition is May 29, 2018. AT&T does not intend to seek an extension of that deadline.

**10.    Related Cases:** On August 6, 2015, this Court issued an order finding *Roberts v. AT&T Mobility LLC*, No. 15-cv-03418, to be related to this case. *See* Dkt. #77.

**12.    Settlement and ADR:** The parties have participated in six ADR phone conferences with Howard Herman, Director of this Court's ADR Program, but have not yet engaged in substantive settlement discussions. After the Ninth Circuit's initial panel decision, the parties jointly proposed, and the ADR office agreed, that future calls be further postponed until proceedings before the Ninth Circuit were completed.

Currently, the parties are preparing to engage in direct settlement discussions. Accordingly, though the parties share an interest in exploring whether the case can be resolved through settlement, they do not propose resuming ADR at this time.

**8/17.    Discovery/Scheduling:** Prior to the Ninth Circuit's panel decision, this Court had ordered that discovery pending the interlocutory appeal proceed in "phases." To that end, the

**Further Joint CMC Statement – 14-cv-04785-EMC**                                                               Page 1

1    parties had completed all of a first phase of document discovery and most, but not all, of a
2    second phase of discovery including document productions and depositions.  A third phase of
3    discovery, also to include document productions and depositions, had not been authorized.  *See*
4    Dkt. #108 (civil minutes staying Phase III discovery).

5        The parties have not been able to agree on a proposed litigation schedule going forward.
6    Accordingly, each party's position is set forth below.

7        <u>Plaintiff's Position:</u>  The FTC respectfully requests that the Court authorize discovery to
8    resume.  Further delay is unwarranted and jeopardizes the preservation of key evidence and
9    testimony in this matter—some of which concerns events that occurred more than a decade ago.
10   Neither the parties' nascent settlement discussions nor Defendant's cert. application justifies a
11   continued stay.

12       First, with respect to settlement negotiations, the FTC would, of course, have no interest
13   in needlessly incurring the cost of discovery if the parties were on the cusp of settlement.  But if
14   the limited, exploratory steps that are likely to be taken in the near term were good enough
15   reason for a stay, no case would ever litigate.  Indeed, as of the date of this filing, not a single
16   substantive discussion has taken place, and no offers have been exchanged.

17       Second, AT&T's cert. application would not be likely to be granted.  Nothing about this
18   case makes it an attractive candidate for further review.  The *en banc* panel was unanimous, and
19   its opinion is thorough, well reasoned, and grounded in decades or even centuries of law defining
20   the meaning of the term "common carrier."  And while the original panel's ruling did present an
21   important issue because it created a significant regulatory gap, the *en banc* ruling, having
22   eliminated that gap, presents no compelling policy reason for reversal.  Nor will the *en banc*
23   ruling have any adverse impact on the telecommunications industry as a whole.  In fact, other
24   leading telecommunications companies—Charter Communications, Comcast Corporation, Cox
25   Communications, and Verizon—filed a brief opposing AT&T's position and supporting the
26   FTC's reading of the statute.  Brief of Charter Commc'ns, Comcast Corp., Cox Commc'ns, and
27   Verizon in Support of the FTC, *AT&T II*, Dkt. #94-2.

28

**Further Joint CMC Statement – 14-cv-04785-EMC**                                **Page 2**

Additionally, the *en banc* opinion does not conflict with any decision of another court. As the opinion makes clear, the Seventh Circuit in *Miller* did not address the issue presented here, so there can be no conflict. 883 F.3d at 861. The *en banc* opinion is fully consistent with cases from the Supreme Court, the D.C. Circuit, the Second Circuit, the Eleventh Circuit, and the Ninth Circuit itself, all recognizing that whether a company is a common carrier turns on the specific activity under scrutiny. *Id.* at 860–61.

In any event, Supreme Court review is rarely granted: The Court hears about 80 cases per year out of as many as 8,000 petitions filed. Those statistics alone make a grant unlikely.

Finally, even if the Court concludes that the Supreme Court is likely to grant cert., the FTC respectfully requests that, at a minimum, phased discovery resume in the interim. The parties have essentially returned to the position they were in before the three-judge panel issued its opinion: The prevailing opinion favors the FTC, and AT&T is seeking an appeal of that opinion. The Court previously had weighed, on the one hand, the prejudice to the FTC of fading memories and the cost to injured consumers of delayed relief, and, on the other hand, the burden to AT&T of continued discovery while an appeal was pending. The Court decided that phased discovery struck the appropriate balance. The Ninth Circuit's *en banc* ruling justifies, at the very least, continuing on that previous course now.

Defendant's Position:  AT&T's cert. petition and the parties' present intention to engage in substantive settlement negotiations present independent reasons warranting a continued stay of discovery. Together, they make continuance of the stay an easy question.

AT&T's cert. petition has a strong chance of being granted. Two of the most important factors in the Supreme Court's decision on whether to review a case are whether there is a split among the circuits on the question presented and whether the issue is important. *See* Sup. Ct. R. 10(a) (circuit-court conflict), 10(c) ("important question of federal law"). Both factors are present here.

There is plainly a circuit split. As this Court acknowledged when it denied AT&T's motion to dismiss, the Seventh Circuit "address[ed] *the exact issue*" AT&T's motion presented, and this Court decided not to follow that court's approach. Dkt. #54, at 15 n.7 (emphasis added).

**Further Joint CMC Statement – 14-cv-04785-EMC**                                           **Page 3**

Then, in authorizing an interlocutory appeal of the issue, this Court again explained that the question presented is "difficult" and that "there is, in effect, a dispute between other circuit courts on the question." Dkt. #68, at 2. Even the Ninth Circuit split on the question, confirming the difficulty of the question presented. It considered the issue twice—once as a three-judge panel and once sitting *en banc*—and decided it two different ways.

The FTC cannot be heard to disagree about the significance of the issue. In urging the Ninth Circuit to rehear the case *en banc*, the FTC labeled the case one of "exceptional importance" that would affect regulation of "companies" and "lines of business" beyond the present circumstances. FTC Pet. for Reh'g 1, 2, *AT&T II*, Dkt. #33. It marshaled support for its position from multiple *amici curiae*, including the Federal Communications Commission, which likewise urged *en banc* review and attested to the case's broader importance to the federal regulatory scheme. *See*, *e.g.*, FCC *Amicus* Br. 4, *AT&T II*, Dkt. #37-1 (discussing impact of panel decision on "consumer privacy policy").

Although the likelihood of Supreme Court review is itself a sufficient reason not to resume proceedings, the case for a stay is even stronger where, *in addition* to the possibility of certiorari, substantive settlement discussions are ongoing. *See Sanford v. Capital City Rests., Inc.*, No. CIV. 05-0519 WBS-JFM, 2006 WL 5003842, at *1 n.1 (E.D. Cal. Jan. 12, 2006) (possibility "that settlement discussions between the parties might prove fruitful" can justify stay). A stay is certainly justified while *both* AT&T's cert. petition and active settlement discussions remain live issues.

At a minimum, a time-limited stay while the parties explore the possibility of a settlement is sensible, subject to potential elongation if discussions prove constructive. Indeed, contrary to the FTC's suggestion, the prospect of productive settlement discussions significantly distinguishes the current posture of the case from "the position [the parties] were in before the three-judge panel issued its opinion." AT&T is prepared to litigate this case and resume discovery, but it should not be required to do so needlessly. The benefits and potentially avoided costs of a limited further stay far outweigh any interest in resuming litigation that, now more than ever, may not be necessary.

**Further Joint CMC Statement – 14-cv-04785-EMC**                                                                **Page 4**

| | |
|---|---|
| Dated: May 1, 2018 | Respectfully submitted, |

                                       /s/ *Evan Rose*
                              EVAN ROSE
                              MATTHEW D. GOLD
                              LAURA FREMONT
                              KERRY O'BRIEN
                              LIN W. KAHN

                              Attorneys for Plaintiff
                              FEDERAL TRADE COMMISSION

    (The filer attests that concurrence in the filing of this document has been obtained from the other signatories.)

                              KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
                              1615 M Street N.W., Suite 400
                              Washington, DC 20036

                               /s/ *Michael K. Kellogg*
                              Michael K. Kellogg
                              Mark C. Hansen

                              SIDLEY AUSTIN LLP
                              555 California Street, Suite 2000
                              San Francisco, CA 94104

                               /s/ *David L. Anderson*
                              David L. Anderson

                              Attorneys for Defendant
                              AT&T MOBILITY LLC