1  ALDEN F. ABBOTT
   General Counsel
2
   EVAN ROSE, Cal. Bar No. 253478
3  MATTHEW D. GOLD, N.Y. Bar No. 2073963
   LAURA FREMONT, Cal. Bar No. 159670
4  KERRY O'BRIEN, Cal. Bar No. 149264
5  LIN W. KAHN, Cal. Bar No. 261387
   EMILY COPE BURTON, Cal. Bar No. 221127
6  COLIN HECTOR, Cal. Bar No. 281795
   901 Market Street, Suite 570
7  San Francisco, CA 94103
8  Email: erose@ftc.gov; mgold@ftc.gov;
   lfremont@ftc.gov; kobrien@ftc.gov; lkahn@ftc.gov;
9  eburton@ftc.gov; chector@ftc.gov
   Tel: (415) 848-5100; Fax: (415) 848-5184
10
   MARICELA SEGURA, Cal. Bar No. 225999
11 D. EMILY WU, Cal. Bar No. 293670
   10990 Wilshire Blvd., Suite 400
12 Los Angeles, CA 90024
13 Email: msegura@ftc.gov; ewu@ftc.gov
   Tel: (310) 824-4343; Fax: (310) 824-4380
14
   MICHAEL J. DAVIS, N.Y. Bar No. 3049095
15 600 Pennsylvania Ave., NW
   Mail Drop CC-10528
16 Washington, DC 20580
   Email: mdavis@ftc.gov
17 Tel: (202) 326-2458; Fax: (202) 326-3259
18 Attorneys for Plaintiff
   FEDERAL TRADE COMMISSION
19

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
San Francisco Division

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. **14-CV-04785-EMC** |
| Plaintiff, | [PROPOSED] |
| v. | **STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT** |
| AT&T MOBILITY LLC, a limited liability company, | |
| Defendant. | |

[PROPOSED] STIP. ORDER FOR PERM. INJUNCTION & MONETARY JUDGMENT
14-CV-04785-EMC

1

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission and Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court finds that it has jurisdiction over this matter.

2. The Complaint charges that Defendant participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in connection with the marketing of wireless broadband internet access service for smartphones.

3. Defendant neither admits nor denies any of the claims or allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this Order, Defendant admits the facts necessary to establish jurisdiction.

4. Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5. Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

6. The FTC and Defendant acknowledge and agree that this is a compromise settlement of disputed issues. It is specifically agreed and acknowledged that this Order is not intended to be, nor shall it be, construed as evidence of liability with respect to the allegations set forth in the Complaint with respect to any claims or demands by any third parties.

## DEFINITIONS

For purposes of this Order, the following definitions apply:

A. "Clear(ly) and Conspicuous(ly)" means that a required disclosure is difficult to miss (*i.e.*, easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1. The disclosure must be made through the same means, whether audio, visual, or both, through which the representation triggering the disclosure is made.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

B. "Close Proximity" means on the same print page, webpage, online service page, or other electronic page, and proximate to the triggering representation, and not accessed or displayed through hyperlinks, pop-ups, interstitials, or other means.

C. "Data Throttling" or "Throttling" means intentionally reducing a mobile data customer's data throughput speed.

D. "Defendant" means AT&T Mobility LLC.

E. "Eligible Consumer" means any consumer that has or had an account for which at least one device subscribed to an Unlimited Mobile Data Plan that, prior to June 1, 2015, was subject

one or more times to Data Throttling by Defendant at a maximum data throughput of 128 kbps, 256 kbps, or 512 kbps.

F. "Material Restriction" means a reduction on the amount or speed of data that is likely to affect a consumer's purchase or use of the advertised product or service.

G. "Mobile Data Plan" means a contract with Defendant for the provision of internet access service to mobile devices such as smartphones.

H. "Space-Constrained Advertisement" means any communication (including, but not limited to, Internet search results and banner ads) that has space, format, size, or technological restrictions ("Space Constraint") that limit Defendant from being able to make the disclosures required by Section I.A of this Order. Defendant bears the burden of showing that there is a Space Constraint to make a required disclosure that is Clear and Conspicuous and in Close Proximity to the triggering term.

I. "Unlimited Mobile Data Plan" means a Mobile Data Plan that did not set forth a numerical limit on the quantity of data allowed in a billing cycle when the customer subscribed to or renewed the plan.

## ORDER

### I. PROHIBITION AGAINST DECEPTIVE ADVERTISING OF MOBILE DATA PLANS

IT IS ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising or sale of any Mobile Data Plan, are permanently restrained and enjoined from, expressly or by implication:

A. Making any representation about the amount or speed of mobile data, including that the mobile data is unlimited, without disclosing, Clearly and Conspicuously and in Close Proximity to the representation, all Material Restrictions imposed by Defendant. For purposes of this Order:

1. For a general representation that mobile data is unlimited without advertising any specific data plan, the advertisement must disclose Clearly and Conspicuously and in Close Proximity to the triggering representation that restrictions, if any, on the amount or speed of mobile data may apply. For a representation that a specific mobile data plan is unlimited, the advertisement must disclose Clearly and Conspicuously and in Close Proximity to the triggering representation the specific type of restriction and the amount of data usage, if any, triggering the restriction;

2. For a Space-Constrained Advertisement, a disclosure will be deemed to be compliant with Section I.A. of this Order as long as:

   a. The disclosure indicates the type of restriction and the amount of data usage, if any, triggering the restriction; and

   b. The disclosure is made Clearly and Conspicuously and in Close Proximity to at least one prominent representation of the triggering term; and

3. For a television or other video advertisement where the triggering representation is made orally, the advertisement must state orally the disclosure required by Section I.A. unless the duration of the advertisement prevents such disclosure, in which case, the advertisement must: (a) disclose orally, in a volume, speed, and cadence that ordinary consumers can easily hear and understand, that restrictions, if any, on speed or the amount of data, apply; and (b) disclose Clearly and Conspicuously in the visual portion of the advertisement the specific type(s) of restriction(s), if any, and the amount or data triggering the restriction(s).

B. Misrepresenting the performance or central characteristics of the Mobile Data Plan.

## II. MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A. Judgment in the amount of $60,000,000 is entered in favor of the Commission against Defendant AT&T Mobility LLC as equitable monetary relief.

B.  Defendant is ordered to pay this judgment by depositing $60,000,000 into an interest-bearing account ("the Settlement Fund") within 7 days after entry of this Order and submit proof to the Commission within 10 days after entry of this Order that this account has been established and the funds deposited. Except as expressly provided in Section III.C.6 of this Order, funds deposited into this account shall be used solely for the purpose of compensating consumers as set forth in Section III of this Order.

    1.  Commencing 7 days after Defendant begins issuing bill credits or checks pursuant to Sections III.B and III.C of this Order, Defendant may withdraw from the Settlement Fund the dollar value of the bill credits or checks issued during the previous 7 days. On a weekly basis, Defendant may continue to withdraw from the Settlement Fund the dollar value of the bill credits or checks issued during the previous 7 days until Defendant has fully complied with its redress obligations under Sections III.B and III.C of this Order.

C.  The facts alleged in the Complaint will be taken as true without further proof in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

D.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order shall have collateral estoppel effect for such purposes.

E.  Defendant acknowledges that its Taxpayer Identifying Number (Employer Identification Number), which Defendant must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## III.  REDRESS PROCEDURES AND COORDINATION

IT IS FURTHER ORDERED that:

A.  Within 30 days after entry of this Order, Defendant must identify each Eligible Consumer.

**Redress to Current Customers**

B. Defendant must compensate Eligible Consumers who, as of the date of entry of this Order, have an AT&T Mobility Mobile Data Plan account ("Current Customers") as follows:

1. Compensation must be made through a bill credit on the Current Customers' accounts within 90 days after entry of this Order.

2. Compensation must be made without requiring Current Customers to file any claim seeking compensation or taking any other action.

3. Defendant must compensate Current Customers who first experienced Data Throttling at a maximum data throughput of 128 kbps with a pro rata share of $7,500,000 of the Settlement Fund, including any interest accrued as of 7 days prior to the start of Defendant's crediting Current Customers' accounts.

4. Defendant must compensate Current Customers who first experienced Data Throttling at a maximum data throughput of 256 kbps or 512 kbps with a pro rata share of $29,700,000 of the Settlement Fund, including any interest accrued as of 7 days prior to the start of Defendant's crediting Current Customers' accounts.

5. Defendant must notify Current Customers of the bill credit, including by the following means:

    a. Defendant must provide a text message notification as set forth in Exhibit A.1 of this Order to all Current Customers. Defendant must send the text message to such consumers on or within 10 days preceding the date on which the bill credit is made. The text message notification must be provided at Defendant's expense and at no charge to consumers.

    b. For all Current Customers who receive a hard-copy bill, Defendant must include a bill insert notice as set forth in Exhibit A.2 of this Order. The bill insert must be a different color paper than the bill itself. The bill insert must be included with the same bill in which the bill credit is made.

    c. Defendant also must include a notice as set forth in Exhibit A.3 of this Order on www.att.com for viewing by consumers on Defendant's

website. The notice must be either listed first under "Alerts" or above the fold, both of which will be on the first landing page after consumers log in to their online account. The notice must be posted on the website on or within 10 days preceding the date that Defendant first begins to credit consumer accounts and must continue to be posted until Defendant has credited all accounts, and then until the next billing cycle.

    d. Defendant must further provide a notice, as set forth in Exhibit A.3 of this Order, on the MyATT application. The notice must appear when the consumer clicks the "Alert" button or above the fold on the first page of the application after the log in. The notice must be displayed on the application on or within 10 days preceding the date Defendant first begins to credit consumer accounts and must continue to be displayed until Defendant has credited all accounts, and then until the next billing cycle.

6. Defendant must provide redress to each Eligible Consumer for whom Defendant is not able to compensate through a bill credit using the procedures set forth in Section III.C.

### Redress to Former Customers

C. Defendant must provide prompt redress to all Eligible Consumers who do not have an AT&T Mobility Mobile Data Plan account as of the date of Entry of this Order ("Former Customers") as follows:

1. Defendant must pay Former Customers who first experienced Data Throttling at a maximum data throughput of 128 kbps a pro rata share of $6,300,000 of the Settlement Fund, including any interest accrued as of 7 days prior to the start of Defendant's payments to Former Customers.

2. Defendant must pay Former Customers who first experienced Data Throttling at a maximum data throughput of 256 kbps or 512 kbps a pro rata share of $16,500,000 of the Settlement Fund, including any interest accrued as of 7 days prior to the start of Defendant's payments to Former Customers.

3. Payment must be made without requiring Former Customers to file any claim seeking compensation or taking any other action.

4. Defendant must provide redress by sending a check by first-class mail, postage prepaid, address correction service requested with forwarding and return postage guaranteed, to the Former Customer's current or last known address. Prior to mailing the checks, Defendant must update each address through the Postal Service's National Change of Address database. Defendant must send these redress checks within 90 days of entry of this Order.

5. All redress payments made pursuant to Section III.C.4 of this Order either become money received by Former Customers within 90 days of Defendant's mailing of the checks, through the deposit or cashing of such redress checks, or Defendant must return the money to the Settlement Fund. The redress checks issued pursuant to Section III.C.4 of this Order must state that the checks expire 90 days after the date of the check.

6. Defendant must identify Former Customers whose redress checks were not cashed or deposited within 90 days after Defendant mailed the checks pursuant to Section III.C.4 of this Order. Defendant must conduct an address trace for each Former Customer so identified. Defendant may use Settlement Fund moneys to cover reasonable costs incurred to conduct the address trace.

7. For each Former Customer whose address is updated or confirmed by the address trace, pursuant to Section III.C.6 of this Order, Defendant must provide redress by sending a new check by first class mail, postage prepaid, address correction service requested with forwarding and return postage guaranteed, to the Former Customer's new or confirmed address.

8. Defendant must include an explanation of refund, as set forth in Exhibit B of this Order, in the envelope with each refund check issued pursuant to Section III.C.4 and III.C.7 of this Order.

9. All redress money distributed under this Section III.C either becomes money received by Former Customers within 120 days after Defendant has sent all redress checks to Eligible Consumers pursuant to Section III.C.7 of this Order, or Defendant must return the money to the Settlement Fund. The redress checks issued pursuant to Section III.C.7 of this Order must state that the checks expire 120 days after the date of the check.

D. Commencing at the time Defendant first begins providing consumer redress pursuant to Sections III.B and III.C of this Order and continuing until 120 days after Defendant has sent all redress checks to Eligible Consumers pursuant to Section III.C.7, Defendant must maintain a telephone number and email address that Eligible Consumers can use to report any problems or to ask any questions concerning the redress program set forth in Sections III.B and III.C of this Order.

## Other Provisions

E. Any funds remaining in the Settlement Fund that are not received by consumers, through the deposit or cashing of redress checks, 120 days after Defendant completes its redress obligations under Section III.C.7 of this Order must be remitted to the Commission within 10 days.

F. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

G. All payments to the Commission under this Order must be made by electronic fund transfer in accordance with instructions provided by a representative of the Commission.

H. Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred to the Commission pursuant to this Order and may not seek the return of any assets.

**Redress Reporting**

I. Unless otherwise directed by a representative of the Commission in writing, Defendant must submit a report of the redress program quarterly and at the conclusion of the program. Defendant must describe in detail whether and how the program is in compliance with Section III of the Order and, for each month of the program, summarize the redress program to date, as follows:

    1. For all redress to Current and Former Customers of Defendant pursuant to Sections III.B and III.C of this Order, the report summary must include: (i) the number and dollar amount of bill credits issued to consumers each month of the program; (ii) the number and dollar amount of checks mailed each month of the program; and (iii) the number and dollar amount of checks negotiated each month of the program.

    2. If a representative of the Commission requests additional information regarding the redress program, including any of the underlying data, Defendant must submit such information to the extent allowed by the Electronic Communications Privacy Act, 18 U.S.C. § 2702(c)(3), and the Communication Act of 1934, as amended, 47 U.S.C. § 222(d)(2), within 10 days of the request.

    3. Consistent with the Electronic Communications Privacy Act, 18 U.S.C. §§ 2702(a) and 2703, and the Communication Act of 1934, 47 U.S.C. § 222, Defendant shall not share with any representative of the FTC any personally identifiable information that could permit the information shared to be associated with a specific subscriber or customer of Defendant. Defendant, however, shall share with a representative of the FTC information in aggregate form.

## IV. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A. Defendant, within 14 days after entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members having decision-making authority with respect to the subject matter of this Order; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who have decision-making authority related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled "Compliance Reporting." Delivery must occur within 7 days after entry of this Order for current personnel. For all others, delivery must occur within 7 days of assuming their responsibilities.

C. From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## V. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

A. One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury. Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, and the means of advertising, marketing, and sales; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the

1 Commission.

2 B.     For 10 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following: (a) any designated point of contact; or (b) the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.     For 10 years after entry of this Order, Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:  " and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. AT&T Mobility LLC (X150009).

## VI.     RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for 10 years after entry of the Order, and retain each such record for 5 years *provided, however*, that with respect to Section VI.D, Defendant must create such records for 5 years and retain each such record for 3 years. Specifically, Defendant must create and retain the following records:

A.     Accounting records showing the revenues from the sale of all goods or services related to the subject matter of this Order;

B.   Personnel records showing, for each person providing services related to the subject matter of this Order, whether as an employee or otherwise, that person's name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.   All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

D.   A representative copy of each materially different advertisement or marketing material for the sale of Mobile Data Plans; and

E.   Written, sworn, and verified certification prepared and signed annually by a corporate manager or officer, and retained pursuant to Section VI.C, certifying that, for the previous year, Defendant has retained advertisements pursuant to Section VI.D that are representative of each materially different advertisement or marketing material for the sale of Mobile Data Plans. Such certification must be based on the personal knowledge of the corporate manager, officer, or subject matter experts upon whom the corporate manager or officer reasonably relies in making the certification.

## VII.   COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order, including any failure to transfer any assets as required by this Order:

A.   Within 14 days of receipt of a written request from a representative of the Commission, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.   For matters concerning this Order, the Commission is authorized to communicate directly with Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Defendant who has agreed to such an interview.

The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## VIII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

PURSUANT TO STIPULATION, IT IS SO ORDERED

This __3rd__ day of __December__, 2019

_____
HONORABLE EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE

STIPULATED AND AGREED:

FOR PLAINTIFF FEDERAL TRADE COMMISSION

*(signature)* Evan Rose   Date: 11/5/2019

EVAN ROSE
MATTHEW D. GOLD
LAURA FREMONT
KERRY O'BRIEN
LIN W. KAHN
EMILY COPE BURTON
COLIN HECTOR
MARICELA SEGURA
D. EMILY WU
MICHAEL J. DAVIS

Counsel for Plaintiff
FEDERAL TRADE COMMISSION

FOR DEFENDANT AT&T MOBILITY LLC

*(signature)*   Date: 8/23/2019

WILLIAM A. RYAN
Senior Vice President and Assistant General Counsel
AT&T Entertainment Group
AT&T Services, Inc.
2260 E. Imperial Highway
El Segundo, CA 90245

Counsel for Defendant AT&T Mobility LLC

DEFENDANT AT&T MOBILITY LLC

*(signature)*   Date: 8/23/2019

By: DAVID CHRISTOPHER
President, AT&T Mobility and Entertainment
AT&T Services, Inc.
2260 E. Imperial Highway
El Segundo, CA 90245

# Exhibit A

# Exhibit A: Notices to Current Customers

**1. Text message**

You will get a credit on your next bill as part of a settlement between AT&T and the Federal Trade Commission. For more information, you can contact us at [phone # and email address].

**2. Bill insert**

## You Have a Credit on Your Bill

AT&T and the Federal Trade Commission settled a lawsuit alleging that AT&T reduced the data speed on unlimited data plans without telling customers. As part of the settlement, we are giving customers money back. We've applied a credit to this month's bill.

**3. Website and mobile app**

## You Will Get a Credit on Your Next Bill

AT&T and the Federal Trade Commission settled a lawsuit alleging that AT&T reduced the data speed on unlimited data plans without telling customers. As part of the settlement, we are giving customers money back. You will get a credit on your next bill.

**EXHIBIT A**

# Exhibit B

# Exhibit B: Notice to Former Customers

**1. First-Class Letter**

[Date]

Dear Current or Former AT&T Customer:

AT&T and the Federal Trade Commission settled a lawsuit alleging that AT&T reduced the data speed on unlimited data plans without telling customers. As part of the settlement, we are giving former customers money back. Our records show that you qualify for a refund. The enclosed check is your refund.

If you have questions about the refund program, contact us at [email address] or call [phone number].

**EXHIBIT B**